UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE M. PHILIPS II, #167158,

        Petitioner,

v.

                                Case No. 14-CV-10767

                                HON. MARK A. GOLDSMITH

BONITA J. HOFFNER,

        Respondent.

_____/

**OPINION AND ORDER**
**SUMMARILY DISMISSING THE HABEAS PETITION (Dkt. 1)**

**I.  INTRODUCTION**

This is a habeas case brought by Michigan prisoner Jesse Myles Philips II, currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan.  On February 26, 1982, Petitioner was sentenced to life imprisonment for his Macomb Circuit Court conviction of first-degree murder, and 10-to-15 years for his conviction of first-degree criminal sexual conduct.  Now, Petitioner, proceeding pro se, challenges his imprisonment on the following four grounds: (i) Petitioner's life sentence violates the Federal and Michigan Constitutions because state law required his sentence to be set for an indeterminate term of years; (ii) Michigan's murder statute was enacted in violation of the Constitution; (iii) the State of Michigan unconstitutionally suspended the writ of habeas corpus by failing to provide procedural rules for filing such an action in state court; and (iv) a sentence of "life" is illegal under the Michigan Constitution.  Pet. at 6-7 (Dkt. 1).  For the reasons stated below, the petition will be dismissed for failure to comply with the statute of limitations.

## II. BACKGROUND

According to Petitioner's pleadings, he did not seek direct review of his conviction in the state court. See Pet'r Resp. at 2 (Dkt. 4). Instead, he first sought post-conviction review when he filed a petition for writ of habeas corpus in the Branch Circuit Court, which was denied on October 18, 2011. Id. at 2-3. He then filed a complaint for a writ of superintending control in the Branch Circuit Court on February 21, 2012, presumably raising what now form his habeas claims. In re: Phillips, No. 11-009504 (Mich. Cir. Ct. 2012). He then attempted to pursue appellate review through the Michigan Court of Appeals, but his complaint was denied on April 27, 2012. Phillips v. Branch Circuit Judge, No. 308700 (April 27, 2012). His application for leave to appeal to the Michigan Supreme Court was rejected as untimely on August 14, 2012.

Petitioner then filed the instant petition on February 11, 2014. Following preliminary review, it appeared to the Court that the petition may have been filed after expiration of the one-year statute of limitations. The Court, therefore, ordered Petitioner to show cause why the petition was not subject to summary dismissal. 3/3/14 Order (Dkt. 3). On March 31, 2014, the Court received Petitioner's response to the order.

Petitioner's response to the show cause order is somewhat incoherent. As far as the Court can discern, Petitioner appears to be arguing that application of the statute of limitations to his case would constitute an unconstitutional suspension of the writ, that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241, et seq., does not apply to his petition because it is being filed under 28 U.S.C. § 2241, and that the state court did not have jurisdiction to sentence him.

2

### III.  STANDARD OF REVIEW

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rules Governing § 2254 Cases, Rule 4.  If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition.  McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  A preliminary question in a habeas case brought by a state prisoner is whether Petitioner complied with the one-year statute of limitations.  District courts are permitted to consider sua sponte the timeliness of a state prisoner's habeas petition.  Day v. McDonough, 547 U.S. 198, 209 (2006).

### IV.  DISCUSSION

Under the AEDPA, a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court.  The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Petitioner does not argue there was an impediment to filing his federal habeas petition created by State action, that his claims are based on a newly created constitutional right, or that his claims are based on a newly discovered factual predicate. Therefore, the potential starting dates under sections 2244(d)(1)(B), (C), and (D) do not apply to his petition.

This leaves section 2244(d)(1)(A). The applicable starting date is the date on which his conviction became final under section 2244(d)(1)(A). Because Petitioner's conviction became final well before the enactment of the statute of limitations, Petitioner was given a one-year grace period from its enactment on April 24, 1996, or until April 24, 1997, to file his federal habeas petition. Griffin v. Rogers, 399 F.3d 626, 632 (6th Cir. 2005). Petitioner's habeas application was filed approximately 17 years after the expiration of the grace period. Therefore, the petition is time-barred unless Petitioner can demonstrate grounds for equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010); Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004).

A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation marks omitted). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. Id. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000).

Petitioner has not adequately explained why his petition was untimely filed. He does not allege any reason why he waited until 2011 to begin collateral review of his sentence in the state courts. Ignorance of the law is not a valid reason for equitable tolling, even for imprisoned pro se habeas petitioners. Griffin, 399 F.3d at 637.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence with new reliable evidence. Ross v. Berghuis, 417 F. 3d 552, 556 (6th Cir. 2005) (citing Schlup v. Delo, 513 U.S. 298 (1995)). Petitioner's case falls outside of the actual innocence tolling exception because he has not attempted to present the Court with new reliable evidence to establish that he was actually innocent of the crimes charged. Id.

Petitioner's argument that the statute of limitations creates an unconstitutional suspension of the writ is also without merit. See Delaney v. Matesanz, 264 F.3d 7, 11-12 (1st Cir. 2001) (holding that the AEDPA's one-year limitation period does not generally create an unconstitutional suspension of the writ); Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1217 (11th Cir. 2000) (concluding that," as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus").

Nor does the fact that Petitioner styles his petition under 28 U.S.C. § 2241, rather than under 28 U.S.C. § 2254, save his petition. Section 2254 is the exclusive avenue for state prisoners to challenge the legality of their imprisonment pursuant to the judgment of a state court. Rittenberry v. Morgan, 468 F.3d 331, 336 (6th Cir. 2006). A state prisoner can only use section 2241 when he is being detained by something other than a judgment of a state court, such as pre-trial detention. Christian v. Wellington, 739 F.3d 294, 297 (6th Cir. 2014).

Finally, whether or not his state-law jurisdictional claim is meritorious has no bearing on the timeliness of his petition. This argument does not amount to a claim of actual innocence. Ross, 417 F. 3d at 556.

Accordingly, because Petitioner filed this action after the expiration of the statute of limitations, and because he has failed to demonstrate any basis for equitable tolling, the case will be dismissed as untimely filed.

## V. CONCLUSION

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-485 (2000).

Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous. See Fed. R. App. P. 24(a).

Accordingly, the Court denies the instant petition (Dkt. 1) and dismisses the case with prejudice. The Court also declines to issue a certificate of appealability and denies Petitioner permission to proceed on appeal in forma pauperis.

SO ORDERED.

Dated: May 5, 2014            s/Mark A. Goldsmith
    Flint, Michigan           MARK A. GOLDSMITH
                          United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 5, 2014.

                         s/Deborah J. Goltz
                         DEBORAH J. GOLTZ
                         Case Manager