UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE M. PHILLIPS II, #167158,

        Petitioner,

                                      CASE NO. 14-CV-10767

v.

                                      HON. MARK A. GOLDSMITH

BONITA HOFFNER,

        Respondent.

_____/

## OPINION AND ORDER DENYING MOTION TO CERTIFY DECLARATORY QUESTIONS (Dkt. 7) AND MOTION FOR RECONSIDERATION (Dkt. 8)

Petitioner Jesse M. Phillips II, a state prisoner currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan, filed this case under 28 U.S.C. § 2254. On May 5, 2014, the Court summarily dismissed the petition as untimely after Petitioner was unable to demonstrate that he complied with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). 5/5/14 Order (Dkt. 5). Presently before the Court are Petitioner's motion to certify declaratory questions (Dkt. 7) and motion for reconsideration (Dkt. 8).

Petitioner's motion to certify declaratory questions invokes 28 U.S.C. § 2202, a statutory section for further relief pertaining to declaratory judgments. See Pet. Mot. at 1 (Dkt. 7). Title 28 U.S.C. § 2202 provides that "further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. On its face, the motion to certify declaratory questions is frivolous because section 2202 has absolutely no application to this habeas case, where there has been no declaratory relief granted. Therefore, the Court denies the motion.

As for Petitioner's motion for reconsideration, Local Rule 7.1(h) allows a party to file such a motion. Under that Local Rule, this Court will not grant a motion for reconsideration that merely presents "the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The movant must (i) demonstrate a "palpable defect" by which the court and the parties have been "misled," and (ii) show "that correcting the defect will result in a different disposition of the case." Id. A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest, or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001); see also Blunt v. Berghuis, No. 08-CV-14808, 2014 WL 2572805 (E.D. Mich. June 9, 2014) (denying habeas petitioner's motion for reconsideration). Furthermore, a "motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier." Gowens v. Tidwell, No. 10-10518, 2012 WL 4475352, at *1 (E.D. Mich. Sept. 27, 2012) (citing Sault St. Marie v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)); Owner-Operator Indep. Drivers v. Arctic Express, Inc., 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) ("Motions for reconsideration do not allow the losing party . . . to raise new legal theories that should have been raised earlier.").

When the Court summarily dismissed the petition, it did so because Petitioner filed this action after the expiration of the statute of limitations and failed to demonstrate any basis for equitable tolling. 5/5/14 Order at 6. In the instant motion, Petitioner does not address either basis for the Court's decision, but makes a new argument that the Court unreasonably applied federal law under various authorities, including federal and state cases, "28 U.S.C. § 1983," and Federal Rules of Evidence 201, 302, and 401.

By contesting the Court's dismissal of his petition and arguing that the Court has jurisdiction — although it is extremely difficult to penetrate Petitioner's rambling prose —

Petitioner is merely presenting issues which were already ruled upon by the Court, either expressly or by reasonable implication, when the Court dismissed his petition. Therefore, the motion cannot be granted. E.D. Mich. L.R. 7.1(h)(3); see also Hence v. Smith, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999) (denying motion for reconsideration where the petitioner merely raised the same issues as in his petition). Also, Petitioner's motion is flawed because he does not identify a palpable defect in the Court's order dismissing his petition; therefore, Petitioner's motion fails on its face. E.D. Mich. L.R. 7.1(h)(3). Lastly, to the extent that Petitioner raises new arguments, the Court rejects them because this tactic is improper on a motion for reconsideration. Arctic Express, 288 F. Supp. 2d at 900.

Accordingly, Petitioner's motion to certify declaratory questions (Dkt. 7) and his motion for reconsideration (Dkt. 8) are denied.

SO ORDERED.

Dated: August 13, 2014      s/Mark A. Goldsmith
    Flint, Michigan      MARK A. GOLDSMITH
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 13, 2014.

    s/Deborah J. Goltz
    DEBORAH J. GOLTZ
    Case Manager